IN RE PETITION FOR ESTABLISHMENT OF HIGHWAY ON
LINE DIVIDING HENNEPIN AND RAMSEY COUNTIES.
LEONARD F. ENGWALL AND OTHERS v. COUNTIES
OF RAMSEY AND HENNEPIN.

77 N. W. (2d) 649.

June 15, 1956—No. 36,804.

*Joe A. Walters,* for appellants.

*George M. Scott,* County Attorney, and *John K. Harvey,* Assistant County Attorney, for respondent County of Hennepin.

*James F. Lynch,* County Attorney, and *Robert G. Flynn* and *Frederick O. Arneson,* Assistant County Attorneys, for respondent County of Ramsey.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying a petition for the appointment of commissioners to lay out and establish a judicial road.

On June 1, 1955, 29 legal voters and taxpayers, all residents of either Hennepin or Ramsey Counties, executed a petition directed to the District Court of Ramsey County praying for the appointment of commissioners to lay out a highway on a portion of the line dividing the counties of Ramsey and Hennepin. The petition proposed a highway running in a general northerly and southerly direction on the section line dividing said counties, which line is also the dividing line between the second and fourth judicial districts. Half of the proposed road would be in the unplatted portion of the village of St. Anthony (Hennepin County) and the other half would be in the unplatted portion of the village of Roseville (Ramsey County). The road would run for approximately 2,900 feet along said line.

The petition, together with a notice of its future presentation to the District Court of Ramsey County, was filed with the clerk of court in that county. At least 30 days' advance notice of the presentation of the petition to the court was given by the publication, posting, and service of the notice on the counties of Hennepin and Ramsey and on the villages of St. Anthony and Roseville. The proof of publication, posting, and service was filed with the Ramsey County clerk of court prior to the presentation of the petition. The foregoing proceedings were conducted in compliance with M. S. A. 162.20. There is no contention in this case that the requirements of the statute concerning the petition and notice were not complied with.

The board of county commissioners of both Hennepin and Ramsey Counties unanimously adopted resolutions to oppose the petition for the proposed highway. Prior to the presentation of the petition to the district court, attorneys for Ramsey and Hennepin Counties made an appearance and filed affidavits from members of their respective highway engineering departments opposing the proposed highway. The affidavits alleged among other things that the proposed road would be of benefit only to the owners of property abut-

ting thereon and would not benefit the counties, and they stated that the establishment of such a road should be an act performed by the villages of St. Anthony and Roseville or by the abutting owners themselves. No appearances were made by either the village of St. Anthony or the village of Roseville.

At the time the petition was presented to the court, the two counties were represented by their respective county attorneys and the petitioners were represented by counsel. The petition was in all things denied on the basis of the petition and the affidavits. No oral testimony was taken nor were there any other papers on file other than said petition and opposing affidavits. The order of the court indicated a belief that the appointment of commissioners under the statute in this kind of proceeding was not mandatory but rather was within the discretion of the court.

■ The question presented to the court on this appeal is whether upon proper petition for the establishment of a road by judicial proceedings and proper notice thereof, pursuant to § 162.20, the district court may refuse to appoint commissioners to lay out the proposed road. Section 162.20, subd. 1, provides:

"* * * when a petition praying for the location, alteration, or vacation of any highway running into or through two or more counties, on or partly on the line dividing two or more counties in two or more judicial districts in this state, signed by 20 legal voters and taxpayers resident in such counties, shall be presented to a judge of the district court of one of such districts, *he is hereby authorized to appoint* three commissioners, whose duty it shall be to meet at such times and places as may be necessary and to immediately proceed to lay out, alter, or vacate such road as directed by the judge in accordance with the prayer of the petition; * * *. In cases where the road, if a new road, or, if an old road, the part thereof to be altered or vacated runs through or into two or more counties situated in two or more judicial districts, the judge to whom the petition was presented *shall appoint* commissioners from each of the counties affected by such road, not exceeding five in all, and direct them to

lay out, alter, or vacate such road accordingly; * * *." (Italics supplied.)

Section 162.20, subd. 2, provides for three weeks' published and posted notice of the presentation of the petition to be given in each of the counties affected at least 30 days in advance of the presentation.

After a careful study of the statute we have reached the conclusion that the district court has discretion to deny the request of a petition for the appointment of commissioners. We construe the words of the statute "is hereby authorized to appoint" to mean that the judge is not required to so appoint the commissioners but rather that he has the authority to do so if in his discretion he believes that the situation warrants it. The later words of the statute—"the judge to whom the petition was presented shall appoint commissioners from each of the counties affected by such road"—merely mean that, where two or more counties are involved, at least one commissioner shall be appointed from each of the counties if the judge decides to exercise his discretion and appoint commissioners pursuant to the petition. It is our opinion that this interpretation of the statute is in accordance with the apparent intent of the legislature when the statute, as a whole, is considered.

■ We also believe that implicit in this interpretation of the statute is the requirement that all who wish to be heard upon the practicability, feasibility, or propriety of the proposed road as described in the petition should have a right to be heard at the time the petition is presented to the court. This view is substantiated by the requirement of the statute that proper notice of the presentation of the petition must be given before such presentation is made to the district court. This notice is designed to advise all parties having an interest in the proposed road of the time and place of the presentation of the petition so that, if they so desire, they may be heard on the matter at that time. This view was expressed by the court in State ex rel. Bass v. Macdonald, 26 Minn. 445, 4 N. W. 1107. It is fundamental that the petitioners themselves are included among those having a right to be heard at that time.

■ With reference to the instant case it is our belief that the petitioners had the opportunity to request such a hearing at the time the petition was presented to the district court had they so desired but that they did not do so. There is no indication in the record that any hearing was requested. Had such a request been made and denied by the district court, we would have remanded this proceeding to that court for an appropriate hearing. However, inasmuch as petitioners did not make such a request, it is our opinion that it constituted a waiver of the right to a hearing and the order of the district court must be affirmed. Martin v. Wolfson, 218 Minn. 557, 16 N. W. (2d) 884.

Affirmed.